■ In the Matter of DONNA DOYLE et al., Respondents, v ELWOOD UNION FREE SCHOOL DISTRICT, Appellant. [833 NYS2d 204]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the Elwood Union Free School District appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated September 25, 2006, which granted the petition and deemed the notice of claim timely served nunc pro tunc.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to commencing an action against a school district (*see* Education Law § 3813 [2]; General Municipal Law § 50-e [1] [a]; *Matter of Padovano v Massapequa Union Free School Dist.*, 31 AD3d 563, 564 [2006]). In determining whether to grant leave to serve a late notice of claim, the court generally will consider three factors: (1) whether the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) whether the school district acquired actual knowledge of the facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) whether the delay would substantially prejudice the school district in its defense (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531 [2006]; *Matter of Padovano v Massapequa Union Free School Dist.*, *supra*; *Bovich v East Meadow Pub. Lib.*, 16 AD3d 11, 19-20 [2005]; *Matter of Conroy v Smithtown Cent. School Dist.*, 3 AD3d 492, 493 [2004]).

The petitioners did not present a reasonable excuse for their failure to serve a timely notice of claim. While the incident involved an infant, the petitioners failed to demonstrate a nexus between the delay and the infancy (*see Matter of N.M. v Westchester County Health Care Corp.*, 10 AD3d 421 [2004]; *Rabanar v City of Yonkers*, 290 AD2d 428, 429 [2002]). Moreover, the petitioners' purported ignorance of the requirement of serving a timely notice of claim does not constitute a reasonable excuse (*see Matter of Narcisse v Incorporated Vil. of Cent. Islip*, 36 AD3d 920 [2007]).

Contrary to the petitioners' contention, the accident claim form and student incident report, completed shortly after the incident, did not provide the appellant with actual notice of the essential facts of the claim because while they stated that the infant petitioner was injured while playing table tennis at the school, they did not suggest a connection between the happening of the accident and any alleged negligence by the appellant in assembling the table the infant petitioner was using or in providing supervision (*see Matter of Padovano v Massapequa Union Free School Dist.*, *supra*; *Matter of Henriques v City of New York*, 22 AD3d 847, 848 [2005]; *Matter of Conroy v Smithtown Cent. School Dist.*, *supra*; *Pappalardo v City of New York*, 2 AD3d 699, 700 [2003]; *Matter of Price v Board of Educ. of City of Yonkers*, 300 AD2d 310 [2002]; *Matter of Ryder v Garden City School Dist.*, 277 AD2d 388, 388-389 [2000]).

Furthermore, the nearly one-year delay in seeking leave to serve a notice of claim prejudiced the appellant's ability to pres-

ent a defense (*see Matter of Henriques v City of New York, supra; Saafir v Metro-North Commuter R.R. Co.*, 260 AD2d 462, 463 [1999]).

Under the circumstances, the court should have denied the petition and dismissed the proceeding. Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.