(December 18, 2007)

JOHANNA ACEITUNO, Respondent, v LAI ON CHAN et al., Defendants, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (WOODHULL HOSPITAL), Appellant. [848 NYS2d 699]—

In an action to recover damages for medical malpractice, the defendant New York City Health and Hospitals Corporation (Woodhull Hospital) appeals from an order of the Supreme Court, Kings County (Levine, J.), dated June 21, 2006, which granted that branch of the plaintiff's motion which was for leave to deem her notice of claim timely served, nunc pro tunc, and denied its cross motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against it on the ground that the plaintiff failed to serve a timely notice of claim.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the plaintiff's motion is denied, and the cross motion to dismiss the amended complaint insofar as asserted against the defendant New York City Health and Hospitals Corporation (Woodhull Hospital) is granted.

On October 31, 2002, and again on November 4, 2002, the infant plaintiff received emergency pediatric care for vomiting, diarrhea, and a fever at Woodhull Medical & Mental Health Center (hereinafter Woodhull), a facility owned and operated by the defendant New York City Health and Hospitals Corporation (Woodhull Hospital) (hereinafter NYCHHC). In blood tests ordered by her private physician, the plaintiff was found to have a normal lead blood level on November 16, 2001, but on July 18, 2003 the plaintiff's tests showed a high level of lead in her blood. In September 2004, without leave of the court, the plaintiff served a notice of claim upon NYCHHC, alleging that health care providers at Woodhull negligently failed to screen and treat her for lead exposure or warn her mother of the hazards posed by such exposure. In December 2005 the plaintiff moved for leave to deem her notice of claim timely served, nunc pro tunc, or, alternatively, for leave to serve a late notice of claim on NYCHHC. NYCHHC cross-moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to serve a timely notice of claim. The Supreme Court granted that branch of the plaintiff's motion which was for leave to deem the notice of claim timely served and denied NYCHHC's cross motion.

In exercising its discretion to grant leave to serve a late notice of claim, the court must consider various factors, including whether (1) the claimant is an infant, (2) the movant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (3) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and (4) the delay would substantially prejudice the public corporation in defending on the merits (see General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 13 AD3d 363, 364 [2004], *affd* 6 NY3d 531 [2006]). Here, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was to deem the notice of claim timely served against NYCHHC. The court found that NYCHHC had actual knowledge of the essential facts underlying the plaintiff's claim and was not prejudiced by the delay in serving the notice of claim based on its erroneous finding that NYCHHC created and possessed the plaintiff's test results showing elevated levels of lead in her blood. The record clearly shows that it was the plaintiff's private physician, not NYCHHC, who possessed these results.

The infancy of an injured plaintiff, standing alone, does not compel the granting of an application to deem a notice of claim timely served (*Matter of Flores v County of Nassau*, 8 AD3d 377, 378 [2004]). However, the plaintiff did not provide a reasonable excuse for failing to serve a timely notice of claim (see *Matter of Kalambalikis v New York City Hous. Auth.*, 41 AD3d 848, 849 [2007]). In addition, merely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury on the plaintiff (see *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]). The medical records NYCHHC possessed furnished no notice or knowledge of elevated levels of lead in the plaintiff's blood. The records of the plaintiff's two emergency room visits to Woodhull did not indicate a causal connection between the plaintiff's injuries, assuming that they existed at that time, and any act or omission on the part of NYCHHC (see *Ocasio v New York City Health & Hosps. Corp. [Morrisania Neighborhood Family Care Ctr.]*, 14 AD3d 361, 362 [2005]). Finally, the plaintiff failed to establish that NYCHHC would not be substantially prejudiced by granting the application (see *Matter of Lyerly v City of New York*, 283 AD2d 647, 648 [2001]). Crane, J.P., Rivera, Angiolillo and Dickerson, JJ., concur.