■ In the Matter of FRANK VICARI III, Appellant, v GRAND AVENUE MIDDLE SCHOOL et al., Respondents. [860 NYS2d 629]—

In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), dated November 28, 2007, as, upon reargument, adhered to its original determination in an order dated September 12, 2007 denying the petition.

Ordered that the order dated November 28, 2007 is affirmed insofar as appealed from, with costs.

On February 7, 2006 the infant petitioner Frank Vicari III (hereinafter the petitioner), a seventh-grade student at the Grand Avenue Middle School (hereinafter the school), was sitting at his desk taking a test when he stood up to check the time. Upon sitting down, the desk toppled over and fell on his right hand, injuring two fingers. On July 10, 2007 the petitioner, by his father, sought leave to serve a late notice of claim upon the school and the Bellmore Merrick Central High School District (hereinafter together the respondents). The Supreme Court denied the petition. The petitioner moved for leave to reargue and, upon reargument, the Supreme Court adhered to its original determination denying the petition.

The Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim upon the respondents. In determining whether or not to grant leave to serve a late notice of claim, a court must consider: (1) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter; (2)

whether the petitioner was an infant or mentally or physically incapacitated; (3) whether the petitioner had a reasonable excuse for the failure to serve a timely notice of claim; and (4) whether the delay would substantially prejudice the public corporation in maintaining its defense (*see* General Municipal Law § 50-e [5]; Education Law § 3813 [2-a]; *Matter of Melissa G. v North Babylon Union Free School Dist.*, 50 AD3d 901 [2008]). A court has the discretion to consider all relevant factors and the presence or absence of any one factor is not necessarily determinative (*see Jordan v City of New York*, 41 AD3d 658, 659 [2007]; *Matter of Narcisse v Incorporated Vil. of Cent. Islip*, 36 AD3d 920, 921 [2007]).

Contrary to the petitioner's contention, neither the medical claim form nor the report of personal injury accident prepared by school officials on the date of the incident provided the respondents with actual knowledge of the essential facts constituting the claim within the 90-day statutory period or a reasonable time thereafter (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 149-150 [2008]; *Matter of Scolo v Central Islip Union Free School Dist.*, 40 AD3d 1104, 1105 [2007]; *Matter of Doyle v Elwood Union Free School Dist.*, 39 AD3d 544, 545 [2007]; *Johnson v Katonah-Lewisboro School Dist.*, 285 AD2d 490, 490-491 [2001]). General knowledge of the wrong is insufficient to satisfy the statute (*see Matter of Padovano v Massapequa Union Free School Dist.*, 31 AD3d 563, 564 [2006]; *Matter of Scott v Huntington Union Free School Dist.*, 29 AD3d 1010, 1011 [2006]).

The petitioner also failed to establish a reasonable excuse for the nearly $1^{1}/_{2}$-year delay in serving the notice of claim, as ignorance of the requirement to serve a notice of claim within 90 days after the claim arose is not a legally-acceptable excuse (*see Matter of Narcisse v Incorporated Vil. of Cent. Islip*, 36 AD3d at 922; *Matter of Ragin v City of New York*, 222 AD2d 678 [1995]). Moreover, the petitioner's infancy, without any showing of a nexus between the infancy and the delay, was insufficient to constitute a reasonable excuse (*see Matter of Julie F. v City of New York*, 50 AD3d 794 [2008]; *Matter of Lennon v Roosevelt Union Free School Dist.*, 6 AD3d 713, 714 [2004]).

The petitioner failed to demonstrate that the respondents would not be substantially prejudiced in maintaining their defense on the merits (*see Matter of Padovano v Massapequa Union Free School Dist.*, 31 AD3d at 564-565; *Matter of Ryder v Garden City School Dist.*, 277 AD2d 388, 389 [2000]).

The petitioner's remaining contentions are without merit. Rivera, J.P., Fisher, Lifson and Dillon, JJ., concur.