In a proceeding, inter alia, pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Kerins, J.), dated October 11, 2007, which denied the petition and, in effect, dismissed the proceeding.
Ordered that the order is affirmed, with costs.
As relevant to the circumstances of this case, the factors the court considers in determining whether, in the exercise of its discretion, the petitioner should be granted leave to serve a late notice of claim include: whether the municipality acquired actual knowledge of the essential facts constituting the petitioner’s claim within 90 days of the claim arising, or a reasonable time thereafter; whether the petitioner had a reasonable excuse for her failure to serve a notice of claim in a timely fashion; and whether the delay would substantially prejudice the municipality in maintaining its defense (see Matter of Vicari *672 v Grand Ave. Middle School, 52 AD3d 838 [2008]; Matter of Groves v New York City Tr. Auth., 44 AD3d 856 [2007]; Matter of March v Town of Wappinger, 29 AD3d 998 [2006]; Gibbs v City of New York, 22 AD3d 717 [2005]). “In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation . . . acquired actual knowledge of the essential facts constituting the claim within [90 days of the claim arising] or within a reasonable time thereafter” (General Municipal Law § 50-e [5]).
The Supreme Court providently exercised its discretion in denying the petition, inter alia, for leave to serve a late notice of claim. Contrary to the petitioner’s contention, the notice of claim she served upon the respondent Town of Huntington on August 23, 2006 (hereinafter the August 23rd notice), 99 days after the collision of her vehicle with one owned and operated by the Town, did not give the Town actual knowledge of the essential facts of her claim that the accident was caused by the negligent operation of the town vehicle. The August 23rd notice asserted that the Town was negligent in the design, maintenance, and traffic control of an intersection. It was not until the complaint was served, 11 months later, that the Town had any notice that the claim was premised on the alleged negligent operation of the town vehicle.
Moreover, the police accident report, which was received by the Town in June 2006 did not provide actual knowledge of the claim. The police accident report noted that the accident occurred when the vehicle operated by the petitioner crossed the center line of the roadway, on wet pavement, and skidded into the town vehicle. A municipality must have notice or knowledge of the specific claim; general knowledge that an accident occurred is insufficient (see Matter of Vicari v Grand Ave. Middle School, 52 AD3d 838 [2008]; Matter of Henriques v City of New York, 22 AD3d 847, 848 [2005]).
The Town rejected the August 23rd notice on the ground, inter alia, that it was untimely. The petitioner did not seek leave of court to serve a late notice of claim until July 31, 2007. No explanation was offered for the 11-month delay from the Town’s rejection of the August 23rd notice to the submission of the petition for, among other things, leave to serve a late notice of claim. As the August 23rd notice did not provide the Town with notice of the petitioner’s claim, any initial delay that might be attributable to difficulty in determining the Town’s ownership of the vehicle does not excuse the extensive delay in this case.
Additionally, the petitioner did not submit any facts in sup *673 port of her contention that the Town would not be prejudiced in its defense of the action if leave were granted (see Matter of Kumar v City of New York, 52 AD3d 517, 518 [2008]). Florio, J.P., Angiolillo, McCarthy and Chambers, JJ., concur.