In the Matter of JOHN-MICHAEL FORMISANO, Respondent, v EASTCHESTER UNION FREE SCHOOL DISTRICT, Appellants. [873 NYS2d 162]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 18, 2008, which granted the petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is denied.

Nearly six years after the then 12-year-old petitioner sustained a fractured nose at a Spring Dance sponsored by the Eastchester Middle School and held in the school gymnasium,

he commenced this proceeding for leave to serve a late notice of claim. The Supreme Court granted the petition. We reverse.

Factors to be considered in determining if a petitioner should be granted leave to serve a late notice of claim are whether (1) the public corporation (or its attorney or insurance carrier) acquired actual knowledge of the essential facts constituting the claim within 90 days of the incident or a reasonable time thereafter, (2) the petitioner was an infant at the time the claim arose and, if so, whether there was a nexus between the petitioner's infancy and the delay in service of a notice of claim, (3) the petitioner had a reasonable excuse for the delay, and (4) the public corporation was prejudiced by the delay (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531 [2006]; *Lucero v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 33 AD3d 977 [2006]).

Here, the principal excuse offered for the late filing was a fear, the source of which was unspecified, of some possible retaliation against the petitioner by the school authorities and teachers should a claim be filed. This excuse is both unreasonable and unrelated to the petitioner's infancy (*see Doukas v East Meadow Union Free School Dist.*, 187 AD2d 552, 553 [1992]).

Moreover, the record does not support the petitioner's contention that the appellants obtained knowledge of the essential facts constituting the claim within 90 days of the occurrence. Although it is undisputed that the appellants were aware of the incident and the petitioner's injury, the petitioner did not show that the appellants were aware of the facts underlying the claim (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147-148 [2008]). The report given to the school principal by the student government faculty advisors who were present in the gym stated little more than that, almost immediately after the overhead light was turned off, the petitioner came out of the gym with a bloody nose. Moreover, whereas the petitioner's proposed notice of claim asserts that, after the light went off, some students began to engage in dangerous conduct known as moshing, knocking him to the floor where he was violently kicked in the face, the petitioner did not show that the appellants were aware of these facts within 90 days after the incident or within a reasonable time thereafter. Notably, the Eastchester Ambulance Corp. incident report states that the petitioner said at the time that, "while attending a dance at school he was laying on floor doing a dance maneuver and got kicked."

Finally, on the issue of prejudice, the petitioner bears the burden of establishing that the appellants would not be

substantially prejudiced in their defense on the merits should leave be granted (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152). The appellants here assert that they would be prejudiced by the six-year delay in that the witnesses' memories have faded, students involved are no longer available, and many of the teachers and administrators, including the principal, are no longer in the employ of the appellant Eastchester Union Free School District. The petitioner did not establish that these assertions are inaccurate or that the appellants will otherwise not be prejudiced by the delay. Under these circumstances, the Supreme Court improvidently exercised its discretion in granting the petition (*see Matter of Termini v Valley Stream Union Free School Dist. No. 13*, 2 AD3d 866 [2003]). Mastro, J.P., Fisher, Florio, Carni and Eng, JJ., concur.