REBECCA TROY et al., Respondents, v TOWN OF HYDE PARK, Defendant, and HYDE PARK CENTRAL SCHOOL DISTRICT, Appellant. [882 NYS2d 159]—

In an action to recover damages for personal injuries, etc., the defendant Hyde Park Central School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated August 12, 2008, as granted that branch of the plaintiffs' motion which was to deem their notice of claim timely served upon it, nunc pro tunc, and denied its cross motion to dismiss the complaint insofar as asserted against it on the ground that the plaintiffs failed to serve a timely notice of claim upon it.

Ordered that the order is reversed insofar as appealed from, on the law, the facts, and in the exercise of discretion, that branch of the plaintiffs' motion which was to deem their notice of claim timely served upon the defendant Hyde Park Central School District, nunc pro tunc, is denied, and the cross motion of the defendant Hyde Park Central School District to dismiss the complaint insofar as asserted against it is granted.

The key factors to be considered in determining whether to deem a late notice of claim timely served are whether the movant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the movant was an infant and his or her infancy caused or contributed to the delay, whether the relevant public entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the public entity in its defense (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531 [2006]; *Matter of Vicari v Grand Ave. Middle School*, 52 AD3d 838, 838-839 [2008]; *Matter of Melissa G. v North Babylon Union Free School Dist.*, 50 AD3d 901, 902 [2008]; *Aceituno v Lai On Chan*, 46 AD3d 716, 718 [2007]). Actual knowledge of the essential facts underlying the claim means "knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the [proposed] notice of claim; the public corporation need not have specific notice of the theory or theories themselves" (*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 148 [2008]).

The Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' motion which was to deem their late notice of claim timely served upon the appellant school district. In their initial motion papers, the plaintiffs did not proffer any excuse for their failure to serve a timely notice of claim upon the appellant. The excuse they ultimately did proffer, which was improperly raised for the first time in a reply affirmation, was that they were not familiar with the statutory requirement, a contention that does not constitute a reasonable excuse (*see Matter of Doyle v Elwood Union Free School Dist.*, 39 AD3d 544, 545 [2007]; *Matter of Narcisse v Incorporated Vil. of Cent. Islip*, 36 AD3d 920 [2007]). Furthermore, while the school nurse employed by the appellant prepared an accident report at the time of the incident or shortly thereafter, that report, which merely indicated that the infant plaintiff was injured when she tripped and fell down a set of stairs, did not establish that the appellant had actual knowledge of the essential facts underlying the plaintiffs' claim that the appellant failed, inter alia, to repair a leak and to clean or mop the stairs (*see Matter of Vicari v Grand Ave. Middle School*, 52 AD3d 838, 839 [2008]; *Matter of Scolo v Central Islip Union Free School Dist.*, 40 AD3d 1104, 1106 [2007]; *Matter of Doyle v Elwood Union Free School Dist.*, 39 AD3d 544, 545 [2007]; *Matter of Henriques v City of New York*, 22 AD3d 847, 848 [2005]). Moreover, the plaintiffs failed to establish that the nine-month delay

after the expiration of the 90-day statutory period would not substantially prejudice the appellant in maintaining a defense on the merits (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152; *Matter of Lorseille v New York City Hous. Auth.*, 295 AD2d 612 [2002]; *Matter of Sica v Board of Educ. of City of N.Y.*, 226 AD2d 542 [1996]).

Since the plaintiffs failed to comply with a condition precedent to the commencement or maintenance of this action against the appellant, the appellant's cross motion to dismiss the complaint insofar as asserted against it should have been granted (*see* Education Law § 3813 [2]; *Matter of Doyle v Elwood Union Free School Dist.*, 39 AD3d at 545; *Meehan v City of New York*, 295 AD2d 581, 582 [2002]; *Henry v Aguilar*, 282 AD2d 711 [2001]). Spolzino, J.P., Santucci, Angiolillo, Leventhal and Lott, JJ., concur.