■ In the Matter of Lexiis Fielding Diggs, an Infant, by Marla Diggs, Her Parent and Natural Guardian, Respondent, v Board of Education of City of Yonkers, Appellant, et al., Respondents. [912 NYS2d 688]—

In a proceeding pursuant to Education Law § 3813 (2-a) and General Municipal Law § 50-e for leave to serve a late notice of claim, the Board of Education of the City of Yonkers appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered August 14, 2009, as granted that branch of the petition which was for leave to serve a late notice of claim upon it.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the petition which was for leave to serve a late notice of claim upon the Board of Education of the City of Yonkers is denied.

In determining if a petitioner should be granted leave to serve

a late notice of claim, the courts consider whether "(1) the public corporation (or its attorney or insurance carrier) acquired actual knowledge of the essential facts constituting the claim within 90 days of the incident or a reasonable time thereafter, (2) the petitioner was an infant at the time the claim arose and, if so, whether there was a nexus between the petitioner's infancy and the delay in service of a notice of claim, (3) the petitioner had a reasonable excuse for the delay, and (4) the public corporation was prejudiced by the delay" in its ability to maintain its defense on the merits (*Matter of Formisano v Eastchester Union Free School Dist.*, 59 AD3d 543, 544 [2009]; *see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Matter of Avalos v City of N.Y. Bd. of Educ.*, 67 AD3d 675 [2009]).

In relation to a proposed tort claim stemming from an incident of alleged abuse occurring in June 2001 at a school controlled by the Board of Education of the City of Yonkers (hereinafter the Board), the petitioner commenced this proceeding in May 2009 pursuant to Education Law § 3813 (2-a) and General Municipal Law § 50-e for leave to serve a late notice of claim on the Board. While the teacher against whom the underlying allegation of abuse was made was arrested, criminally charged, and tried, it is undisputed that the petitioner reported the matter directly to the police and did not make a complaint to, or have any discussions with, employees of the school or the Board (*cf. Matter of Andrew T.B. v Brewster Cent. School Dist.*, 18 AD3d 745 [2005]; *Kim L. v Port Jervis City School Dist.*, 77 AD3d 627 [2010]), that the Board was directed by the police department and the Westchester County District Attorney's office not to conduct any interviews related to the incident so as not to interfere with the criminal investigation, and that the court file relating to the criminal case against the teacher was sealed after the teacher was acquitted of the charges. Further, the petitioner, who reported the incident two months after its occurrence, failed to offer any reasonable excuse for her substantial eight-year delay in seeking to serve a late notice of claim, and there was no apparent connection between the delay and her infancy (*see Matter of Formisano*, 59 AD3d at 544-545; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 152-153 [2008]; *Matter of Doe v Goshen Cent. School Dist.*, 13 AD3d 526, 527 [2004]; *Rogers v City of Yonkers*, 271 AD2d 593 [2000]). Under these circumstances, the Supreme Court improvidently exercised its discretion in granting that branch of the petition which was for leave to serve a late notice of claim upon the Board.

In light of our determination, we need not reach the Board's

remaining contention. Skelos, J.P., Eng, Hall and Lott, JJ., concur. **[Prior Case History: 24 Misc 3d 1235(A), 2009 NY Slip Op 51755(U).]**