■ LISE L. ROBERTSON et al., Respondents, v SOMERS CENTRAL SCHOOL DISTRICT, Appellant, et al., Defendant. [935 NYS2d 145]—

In determining whether to grant leave to serve a late notice of claim or to deem a notice of claim timely served, nunc pro tunc, the court must consider whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the claimant's infancy and the delay in service of a notice of claim, (3) the claimant had a reasonable excuse for the delay, and (4) the public corporation was prejudiced by the delay in its ability to maintain its defense on the merits (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Matter of Diggs v Board of Educ. of City of Yonkers*, 79 AD3d 869, 869-870 [2010]; *Troy v Town of Hyde Park*, 63 AD3d 913, 914 [2009]; *Matter of Formisano v Eastchester Union Free School Dist.*, 59 AD3d 543, 544 [2009]).

Here, the plaintiffs failed to present a reasonable excuse for their delay in moving for leave to serve late notices of claim and to deem their notices of claim timely served, nunc pro tunc, and there was no showing of a nexus between the alleged infancy of one of the plaintiffs and the delay (*see Grogan v Seaford Union*

*Free School Dist.*, 59 AD3d 596, 597 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 151 [2008]; *Matter of Doe v Goshen Cent. School Dist.*, 13 AD3d 526, 527 [2004]). Furthermore, there is no proof in the record, nor did the plaintiffs even allege, that the appellant acquired actual knowledge of the essential facts constituting the claims within 90 days after the claims arose or within a reasonable time thereafter (*see Matter of Castro v Clarkstown Cent. School Dist.*, 65 AD3d 1141, 1142 [2009]; *Matter of Monfort v Rockville Ctr. Union Free School Dist.*, 56 AD3d 480, 481 [2008]; *Matter of Martinez v West Hempstead School Dist.*, 24 AD3d 557, 558 [2005]). Finally, the plaintiffs failed to establish that the delay would not substantially prejudice the appellant in maintaining its defense on the merits (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152).

Accordingly, the Supreme Court should have denied that branch of the plaintiffs' motion which was for leave to serve late notices of claim and to deem their notices of claim timely served, nunc pro tunc.

In light of our determination, we need not reach the appellant's remaining contention. Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.