■ STACY BAZILE et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendant. [943 NYS2d 131]—

In an action, inter alia, to recover damages for personal injuries based upon negligent hiring, retention, and supervision, etc., the plaintiffs appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Queens County (Flug, J.), entered October 15, 2010, as denied those branches of their motion which were, in effect, for leave to serve a late notice of claim upon the New York City Department of Education, to deem their amended notice of claim timely served, nunc pro tunc, and to amend the complaint to add the New York City Department of Education as a defendant, and granted the cross motion of the defendant City of New York pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and (2) from so much of an order of the same court entered June 9, 2011, as denied that branch of their motion which was for leave to renew their prior motion.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

In order to maintain a tort action against a school district, a claimant must serve a notice of claim within 90 days of the alleged injury (*see* Education Law § 3813 [2]; General Municipal Law § 50-i [1]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 143 [2008]; *Matter of Padovano v Massapequa Union Free School Dist.*, 31 AD3d 563, 564 [2006]). Although the notice of claim must be served within 90 days after the claim arises, courts are authorized to extend the time in which to serve a notice of claim, provided that the extension does not exceed the time limit for the commencement of an action by the claimant against the public corporation (*see* General Municipal Law § 50-e [5]). In determining whether to grant leave to serve a late notice of claim or to deem a notice of claim timely served, nunc pro tunc, the court must consider whether (1) the public corporation acquired actual knowledge of the es-

sential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the claimant's infancy and the delay in service of a notice of claim, (3) the claimant had a reasonable excuse for the delay, and (4) the public corporation was prejudiced by the delay in its ability to maintain its defense on the merits (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Matter of Diggs v Board of Educ. of City of Yonkers*, 79 AD3d 869, 869-870 [2010]; *Troy v Town of Hyde Park*, 63 AD3d 913, 914 [2009]; *Matter of Formisano v Eastchester Union Free School Dist.*, 59 AD3d 543, 544 [2009]).

Here, the Supreme Court properly denied that branch of the plaintiffs' motion, made after the statute of limitations had expired, which was, in effect, for leave to serve a late notice of claim upon the New York City Department of Education (hereinafter the DOE) on behalf of the mother in her individual capacity (*see Kim L. v Port Jervis City School Dist.*, 77 AD3d 627, 630 [2010]). "The infancy toll (*see* CPLR 208) is personal to the infant . . . and does not extend to [a] derivative cause of action" (*Matter of Andrew T.B. v Brewster Cent. School Dist.*, 18 AD3d 745, 748 [2005]; *see Kim L. v Port Jervis City School Dist.*, 77 AD3d at 630; *Matter of Ricci v Harrison Cent. School Dist.*, 27 AD3d 653, 653-654 [2006]; *Nardi v County of Nassau*, 18 AD3d 520, 521 [2005]).

The Supreme Court also providently exercised its discretion in denying that branch of the plaintiffs' motion which was, in effect, for leave to serve a late notice of claim upon the DOE on behalf of the infant plaintiff (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 143). Not only did the plaintiffs fail to satisfy their burden of showing that the DOE acquired timely, actual knowledge of the essential facts constituting the claim, they did not offer a reasonable excuse for the delay in seeking leave to serve a late notice of claim (*see Robertson v Somers Cent. School Dist.*, 90 AD3d 1012, 1013 [2011]; *Matter of Diggs v Board of Educ. of City of Yonkers*, 79 AD3d at 870). Furthermore, the infancy of one of the plaintiffs, without any showing of a nexus between the infancy and the delay, was insufficient to constitute a reasonable excuse (*see Robertson v Somers Cent. School Dist.*, 90 AD3d at 1012-1013).

With respect to that branch of the plaintiffs' motion which was for leave to renew, "[i]n general, a motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and must set forth

a reasonable justification for the failure to present such facts on the prior motion" (*Worrell v Parkway Estates, LLC*, 43 AD3d 436, 437 [2007]). A motion "to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Renna v Gullo*, 19 AD3d 472, 473 [2005] [internal quotation marks omitted]). The Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion (*see Worrell v Parkway Estates, LLC*, 43 AD3d at 437). Here, in support of that branch of their motion which was for leave to renew, the plaintiffs submitted additional facts known to them at the time of the prior motion without demonstrating a reasonable justification for failing to submit them on the earlier motion (*see Renna v Gullo*, 19 AD3d at 473). Thus, the Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to renew.

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Chambers, Roman and Sgroi, JJ., concur.