■ In the Matter of ANTISHA JOSEPH, Respondent, v CITY OF NEW YORK et al., Appellants. [955 NYS2d 622]—

In determining whether to grant leave to serve a late notice of claim, the court must consider, inter alia, whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the accident or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the claimant's infancy and the delay, (3) the claimant had a reasonable excuse for the failure to serve a timely notice of claim and the subsequent delay in seeking leave to serve a notice of claim, and (4) the public corporation was prejudiced by the delay in its ability to maintain its defense on the merits (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Bazile v City of New York*, 94 AD3d 929, 929-930 [2012]; *Matter of Diggs v Board of Educ. of City of Yonkers*, 79 AD3d 869, 869-870 [2010]; *Troy v Town of Hyde Park*, 63 AD3d 913, 914 [2009]).

The petitioner failed to proffer any excuse for the failure to serve a timely notice of claim and for the subsequent delay in commencing this proceeding (*see Matter of Estate of Curreri v New York City Hous. Auth.*, 87 AD3d 1064, 1065 [2011]; *Troy v*

*Town of Hyde Park*, 63 AD3d at 914; *Matter of Grant v Nassau County Indus. Dev. Agency*, 60 AD3d 946, 947 [2009]). Furthermore, there was no showing of a nexus between the petitioner's infancy and the delay (*see Robertson v Somers Cent. School Dist.*, 90 AD3d 1012, 1012-1013 [2011]; *Matter of Doyle v Elwood Union Free School Dist.*, 39 AD3d 544 [2007]).

Moreover, the petitioner failed to demonstrate that the appellants acquired actual knowledge of the essential facts constituting the claim within 90 days after the accident or a reasonable time thereafter. While an occurrence report was prepared by the New York City Department of Education about two weeks after the accident, that report, which merely indicated that the petitioner had been injured in the cafeteria when she fell as she was getting up from a lunch table, did not establish that the appellants had timely, actual knowledge of the essential facts underlying her claim of negligent supervision (*see Matter of Scolo v Central Islip Union Free School Dist.*, 40 AD3d 1104, 1106 [2007]; *Matter of Doyle v Elwood Union Free School Dist.*, 39 AD3d 544 [2007]; *Matter of Scott v Huntington Union Free School Dist.*, 29 AD3d 1010, 1011 [2006]; *Conte v Valley Stream Cent. High School Dist.*, 23 AD3d 328 [2005]). Finally, the petitioner did not meet her burden of rebutting the appellants' assertions that the delay of more than two years in commencing this proceeding will substantially prejudice their ability to investigate the facts, and to locate and examine witnesses while their memories of the facts are still fresh (*see Matter of Formisano v Eastchester Union Free School Dist.*, 59 AD3d 543, 545 [2009]; *Matter of Scolo v Central Islip Union Free School Dist.*, 40 AD3d at 1106; *Matter of Gilliam v City of New York*, 250 AD2d 680, 681 [1998]). Accordingly, the Supreme Court improvidently exercised its discretion in granting the petition. Dillon, J.P., Hall, Roman and Cohen, JJ., concur.