■ In the Matter of Kinny Anderson et al., Respondents, v New York City Department of Education et al., Appellants. [958 NYS2d 746]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the New York City Department of Education, Public School 346, Franklin Douglas VIII Academy, and the City of New York appeal from an order of the Supreme Court, Kings County (Velasquez, J.), dated October 26, 2011, which granted the petition.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.

In determining whether to grant leave to serve a late notice of claim, the court must consider whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the claimant's infancy and the delay, (3) the claimant had a reasonable excuse for the failure to serve a timely notice of claim and the subsequent delay in seeking leave to serve a notice of claim, and (4) the public corporation was prejudiced by the delay in its ability to maintain its defense on the merits (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Bazile v City of New York*, 94 AD3d 929, 929-930 [2012]; *Matter of Diggs v Board of Educ. of City of Yonkers*, 79 AD3d 869, 869-870 [2010]; *Troy v Town of Hyde Park*, 63 AD3d 913, 914 [2009]).

In their petition and supporting papers, the petitioners did not proffer any excuse for their failure to serve a timely notice of claim upon the appellants. The excuses they did proffer, which were improperly raised for the first time in a reply affidavit (*see Matter of Bell v City of New York*, 100 AD3d 990 [2012]), were either unsupported by medical evidence or did not constitute reasonable excuses (*see Matter of Minkowicz v City of New York*, 100 AD3d 1000 [2012]; *Matter of Taylor v County of Suffolk*, 90 AD3d 769, 770 [2011]). Furthermore, the comprehensive injury report prepared by the New York City Department of Education on an unspecified date, which merely indicated that the infant petitioner sprained his ankle during basketball class in a gymnasium, did not establish that the appellants had actual knowledge of the essential facts underlying the petitioners' claim that the appellants were negligent, inter alia, in their ownership, operation, maintenance, supervision, and control of the school and its students (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 535; *Matter of Castro v Clarkstown Cent. School Dist.*, 65 AD3d 1141, 1142 [2009]; *Matter of Felice v Eastport/*

*South Manor Cent. School Dist.*, 50 AD3d 138, 150, 152 [2008]; *Matter of Scolo v Central Islip Union Free School Dist.*, 40 AD3d 1104, 1106 [2007]; *Matter of Doyle v Elwood Union Free School Dist.*, 39 AD3d 544 [2007]). Moreover, the petitioners failed to meet their initial burden of showing a lack of prejudice or rebutting the appellants' claims that they will be substantially prejudiced by the more-than-three-month delay after the expiration of the 90-day statutory period (*see Matter of Khalid v City of New York*, 91 AD3d 779 [2012]; *Buchanan v Beacon City School Dist.*, 79 AD3d 961, 962 [2010]; *Matter of Liebman v New York City Dept. of Educ.*, 69 AD3d 633 [2010]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152). Accordingly, the petition for leave to serve a late notice of claim should have been denied. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.