*721 In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, East Ramapo Central School District appeals from an order of the Supreme Court, Rockland County (Jamieson, J.), dated July 19, 2012, which granted the petition.
Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.
In determining whether to grant leave to serve a late notice of claim upon a school district, the court must consider whether (1) the school district acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the petitioner was an infant at the time the claim arose and, if so, whether there was a nexus between the petitioner’s infancy and the failure to serve a timely notice of claim, (3) the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the school district was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; Williams v Nassau County Med. Ctr., 6 NY3d 531, 535 [2006]; Bazile v City of New York, 94 AD3d 929, 929-930 [2012]; Matter of Diggs v Board of Educ. of City of Yonkers, 79 AD3d 869, 869-870 [2010]; Troy v Town of Hyde Park, 63 AD 3d 913, 914 [2009]). Actual knowledge of the essential facts underlying the claim means “knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the [proposed] notice of claim; the public corporation need not have specific notice of the theory or theories themselves” (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 148 [2008]).
The only excuse offered by the petitioner for her failure to serve a timely notice of claim was that her parents did not take any steps to enforce her rights or remedies. Even if the petitioner’s assertions were sufficient to establish a nexus between her infancy and the failure to serve a timely notice of claim (cf. Doe v North Tonawanda Cent. School Dist., 88 AD3d 1289 [2011]), the petitioner failed to explain the 15-month delay between the time she reached the age of majority and her commencement of this proceeding (see Matter of Carpenter v Town of Babylon, 150 AD2d 373 [1989]).
Furthermore, the petitioner failed to demonstrate that the East Ramapo Central School District (hereinafter the appellant) acquired timely, actual knowledge of the essential facts *722 constituting her claim that as a result of the appellant’s negligent supervision and failure to respond, the petitioner, then a student at a high school owned and operated by the appellant, was assaulted by another student in the area of the school where the students boarded the buses. There was no evidence in the record to support the petitioner’s hearsay allegation that her parents made this claim to the assistant principal of the school directly after the incident (see Matter of Keyes v City of New York, 89 AD3d 1086 [2011]; Matter of Termini v Valley Stream Union Free School Dist. No. 13, 2 AD3d 866, 867 [2003]). The petitioner contends that the appellant acquired actual knowledge of the essential facts constituting the claim when, directly after the incident, she informed the appellant’s social worker and nurse that there were no school personnel in the boarding area when she was assaulted. However, even if the petitioner informed the appellant’s social worker and nurse that there were no school personnel in the boarding area, this does not establish that the petitioner reported her claim to a school official with a duty to investigate the alleged negligence (see Levette v Triborough Bridge & Tunnel Auth., 207 AD2d 330, 331 [1994]; Caselli v City of New York, 105 AD2d 251, 255 [1984]). Moreover, the parent notification form prepared by the school’s nurse informing the petitioner’s parents of the petitioner’s injury was insufficient to apprise the appellant of the petitioner’s claim of negligent supervision and failure to respond (see Troy v Town of Hyde Park, 63 AD3d 913, 914 [2009]; Matter of Jantzen v Half Hollow Hills Cent. School Dist. No. 5, 56 AD3d 474, 475 [2008]; Matter of del Carmen v Brentwood Union Free School Dist., 7 AD3d 620, 621 [2004]). In addition, while the appellant may have conducted a disciplinary investigation, the petitioner failed to establish that the disciplinary investigation placed the appellant on notice of her claim that she was injured as a result of the appellant’s negligence (see Matter of Cattell v Town of Brookhaven, 21 AD3d 896, 897 [2005]).
Finally, the petitioner did not meet her burden of rebutting the appellant’s assertions that the three-year-and-eight-month delay between the date of the incident and commencement of this proceeding will substantially prejudice the appellant’s ability to conduct a full investigation of the facts underlying the claim (see Matter of Joseph v City of New York, 101 AD3d 721, 722 [2012]; Matter of Werner v Nyack Union Free School Dist., 76 AD3d 1026, 1027 [2010]; Matter of Formisano v Eastchester Union Free School Dist., 59 AD3d 543, 545 [2009]). Accordingly, the petition should have been denied, and the proceeding is dismissed. Mastro, J.P., Balkin, Sgroi and Hinds-Radix, JJ., concur.