■ In the Matter of DAVID W. SPARROW, Appellant, v HEWLETT-WOODMERE UNION FREE SCHOOL DISTRICT (#14), Respondent. [973 NYS2d 308]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from (1) an order of the Supreme Court, Nassau County (Marber, J.), dated October 2, 2012, which denied the petition, and (2) a judgment of the same court dated December 20, 2012,

which, upon the order, is in favor of the respondent and against him, in effect, dismissing the proceeding.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In determining whether to permit service of a late notice of claim, the court must consider all relevant facts and circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, (2) the petitioner was an infant at the time the claim arose and, if so, whether there was a nexus between the petitioner's infancy and the failure to serve a timely notice of claim, (3) the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 538 [2006]; *Matter of McLeod v City of New York*, 105 AD3d 744, 745 [2013]; *Bazile v City of New York*, 94 AD3d 929 [2012]; *Matter of Felice v Eastport/ South Manor Cent. School Dist.*, 50 AD3d 138, 147-153 [2008]).

While the injured person here is an infant, the factor of infancy alone does not compel the granting of a petition for leave to serve a late notice of claim (*see Contreras v 357 Dean St. Corp.*, 77 AD3d 604, 606 [2010]; *Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 50 AD3d 830, 832 [2008]). Here, the failure to serve a timely notice of claim and the lengthy delay in seeking leave to serve a late notice of claim were not the product of the injured person's infancy (*see Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 50 AD3d at 832; *Matter of Flores v County of Nassau*, 8 AD3d 377 [2004]; *Matter of Cotten v County of Nassau*, 307 AD2d 965 [2003]; *Matter of Potter v Board of Educ. of City of N.Y.*, 43 AD2d 248, 251 [1974]). Furthermore, the excuse proffered for the delay in commencing this proceeding, that the petitioner, the infant's father, was not aware of the extent of his daughter's injury and disability until $4\frac{1}{2}$ years after the ac-

cident, is unacceptable without supporting medical evidence explaining why the extent of the injury and disability took so long to become apparent (*see Godfrey v City of New Rochelle*, 74 AD3d 1018 [2010]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 151; *Matter of Lodati v City of New York*, 303 AD2d 406, 407 [2003]).

Moreover, the respondent did not acquire actual knowledge of the essential facts constituting the petitioner's claim within 90 days after the accident or a reasonable time thereafter. While a student incident report and a medical claim form were prepared by the school's nurse and principal on the date of the accident, these papers, which merely indicated that the infant was injured when she fell from the monkey bars on the school's playground during recess, did not provide the respondent with actual knowledge of the essential facts underlying the claim that the monkey bars were dangerous, unsafe, and negligently maintained, or that the respondent did not adequately supervise their use (*see Matter of Joseph v City of New York*, 101 AD3d 721, 722 [2012]; *Matter of Doyle v Elwood Union Free School Dist.*, 39 AD3d 544, 545 [2007]; *Matter of Scott v Huntington Union Free School Dist.*, 29 AD3d 1010, 1011 [2006]; *Corrales v Middle Country Cent. School Dist.*, 307 AD2d 907, 908 [2003]; *Matter of Price v Board of Educ. of City of Yonkers*, 300 AD2d 310, 311 [2002]). Finally, the petitioner failed to rebut the respondent's assertions that the delay of 4½ years from the date of the accident in commencing this proceeding will substantially prejudice its ability to investigate the facts, and to locate and examine witnesses while their memories of the facts are still fresh (*see Matter of Joseph v City of New York*, 101 AD3d at 722; *Matter of Formisano v Eastchester Union Free School Dist.*, 59 AD3d 543, 545 [2009]; *Matter of Scolo v Central Islip Union Free School Dist.*, 40 AD3d 1104, 1106 [2007]). Accordingly, the petition was properly denied and the proceeding was properly, in effect, dismissed. Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.