■ In the Matter of ZACHARY MANUEL et al., Respondents, v RIVERHEAD CENTRAL SCHOOL DISTRICT, Appellant. [984 NYS2d 409]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the Riverhead Central School District appeals from an order of the Supreme Court, Suffolk County (Martin, J.), dated December 5, 2013, which granted the petition.

Ordered that the order is reversed, on the facts and as a matter of discretion, with costs, and the petition is denied.

On April 22, 2013, the infant Zachary Manuel (hereinafter Zachary), then a student in the appellant Riverhead Central School District, allegedly was injured during physical education class when he hurt his knee during two-hand touch football. Over four months later, Zachary and his mother commenced this proceeding for leave to serve a late notice of claim on the appellant.

The Supreme Court improvidently exercised its discretion in granting the petition for leave to serve a late notice of claim on behalf of Zachary and his mother.

The key factors to be considered in determining whether to grant leave to serve a late notice of claim are (1) whether the claimant or claimants demonstrated a reasonable excuse for the failure to timely serve a notice of claim, (2) whether one or more of the claimants was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the delay in service of a notice of claim, (3) whether the school district acquired actual knowledge of the essential facts constituting the claim within 90 days of the incident or a reasonable time thereafter, and (4) whether the school district was substantially prejudiced by the delay in its ability to maintain its defense on the merits (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 538 [2006]; *Matter of Destine v City of New York*, 111 AD3d 629 [2013]; *Bazile v City of New York*, 94 AD3d 929, 929-930 [2012]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147-153 [2008]).

Here, Zachary and his mother did not proffer sufficient proof to establish a reasonable excuse for their failure to serve a timely notice of claim upon the appellant (*see Matter of Klass v City of New York*, 103 AD3d 800, 801 [2013]; *Matter of Taylor v County of Suffolk*, 90 AD3d 769, 770 [2011]; *Matter of Aliberti v City of Yonkers*, 302 AD2d 456 [2003]). Furthermore, Zachary's infancy, without any showing of a nexus between the infancy and the delay, was insufficient to constitute a reasonable excuse (*see Robertson v Somers Cent. School Dist.*, 90 AD3d 1012, 1013 [2011]). In addition, while a school official prepared an accident claim form the day of the incident and a school medical claim

form was filled out the day following the incident, those reports, which merely indicated that Zachary hurt his right knee playing two-hand touch football during physical education class, did not establish that the appellant had actual knowledge within 90 days of the incident or a reasonable time thereafter, of the essential facts underlying the claims of negligent supervision and that the school field constituted a defective and dangerous condition (*see Bazile v City of New York*, 94 AD3d at 930; *Matter of Castro v Clarkstown Cent. School Dist.*, 65 AD3d 1141, 1142-1143 [2009]; *Matter of Scolo v Central Islip Union Free School Dist.*, 40 AD3d 1104 [2007]). Accordingly, the appellant had no reason to conduct a prompt investigation into the purported negligent supervision and the alleged dangerous condition of the field (*see Matter of Ryder v Garden City School Dist.*, 277 AD2d 388, 389 [2000]). Finally, Zachary and his mother failed to establish that the approximately one-month delay after the expiration of the 90-day statutory period would not substantially prejudice the appellant in maintaining a defense on the merits (*see Matter of Castro v Clarkstown Cent. School Dist.*, 65 AD3d at 1143; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 152 [2008]). Mastro, J.P., Hall, Austin, Sgroi and Duffy, JJ., concur.