In the Matter of Travis Lamprecht, an Infant, by His Mother and Natural Guardian, Christine Lamprecht, Respondent, v Eastport-South Manor Central School District, Appellant. [13 NYS3d 154]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the Eastport-South Manor Central School District appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated August 18, 2014, which granted the petition.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.

In determining whether to permit service of a late notice of claim, the court must consider all relevant facts and circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, (2) the petitioner was an infant at the time the claim arose and, if so, whether there was a nexus between the petitioner's infancy and the failure to serve a timely notice of claim, (3) the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 538 [2006]; *Matter of McLeod v City of New York*, 105 AD3d 744, 745 [2013]; *Bazile v City of New York*, 94 AD3d 929 [2012]; *Matter of Felice v Eastport/ South Manor Cent. School Dist.*, 50 AD3d 138, 147-153 [2008]).

While the petitioner here is an infant, that fact alone does not compel the granting of a petition for leave to serve a late notice of claim (*see Contreras v 357 Dean St. Corp.*, 77 AD3d 604, 606 [2010]; *Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 50 AD3d 830, 832 [2008]). Here, the lengthy delay in seeking leave to serve a late notice of claim was not the product of the petitioner's infancy (*see Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 50 AD3d at 832; *Matter of Flores v County of Nassau*, 8 AD3d 377 [2004]; *Matter of Cotten v County of Nassau*, 307 AD2d 965 [2003]). Furthermore, the principal excuse proffered for the delay in commencing this proceeding, that the petitioner did not want to sue his school or his teachers, was not a reasonable excuse for the delay and was unrelated to his infancy (*see Matter of Formisano v Eastchester Union Free School Dist.*, 59 AD3d 543, 544 [2009]; *Doukas v East Meadow Union Free School Dist.*, 187 AD2d 552, 553 [1992]).

Moreover, the petitioner failed to establish that the appellant acquired actual knowledge of the essential facts constituting his claim within 90 days after the accident or a reasonable

time thereafter. While the school's theater director prepared a medical claim form 10 days after the date of the accident, this form, which merely indicated that the petitioner was injured when he jumped over a fence on a theater stage and landed on a piece of scenery, did not provide the appellant with actual knowledge of the essential facts underlying the claim that the theater stage was unsafe, dangerous, and defective, or that the appellant's employees failed to provide proper supervision (*see Matter of Sparrow v Hewlett-Woodmere Union Free Sch. Dist. [#14]*, 110 AD3d 905, 907 [2013]; *Matter of Joseph v City of New York*, 101 AD3d 721, 722 [2012]; *Matter of Doyle v Elwood Union Free School Dist.*, 39 AD3d 544, 545 [2007]; *Matter of Scott v Huntington Union Free School Dist.*, 29 AD3d 1010, 1011 [2006]). Finally, the petitioner failed to rebut the appellant's assertions that the one-year-and-seven-month delay in commencing this proceeding would substantially prejudice its ability to investigate the facts and examine witnesses while their memories are still fresh (*see Matter of Joseph v City of New York*, 101 AD3d at 722; *Matter of Alvarez v New York City Hous. Auth.*, 97 AD3d 668, 670 [2012]; *Troy v Town of Hyde Park*, 63 AD3d 913, 914-915 [2009]). Balkin, J.P., Hall, Austin and Sgroi, JJ., concur.