■ In the Matter of Ceni Castro, on Behalf of Kevin Sanabria, Respondent, v Clarkstown Central School District et al., Appellants, et al., Respondent. [885 NYS2d 508]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, Clarkstown Central

School District and Woodglen Elementary appeal from an order of the Supreme Court, Rockland County (Berliner, J.), dated October 17, 2008, which granted the petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is denied.

The Supreme Court improvidently exercised its discretion in granting the petition for leave to serve a late notice of claim on behalf of the infant, Kevin Sanabria.

The key factors to be considered in determining whether to grant leave to serve a late notice of claim are whether the petitioner demonstrated a reasonable excuse for the failure to timely serve a notice of claim, whether the petitioner was an infant, whether the public corporation acquired actual knowledge of the facts constituting the claim within 90 days of the incident or a reasonable time thereafter, and whether the delay would substantially prejudice the public corporation in its defense (see General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531 [2006]; *Matter of Vicari v Grand Ave. Middle School*, 52 AD3d 838, 838-839 [2008]; *Matter of Melissa G. v North Babylon Union Free School Dist.*, 50 AD3d 901, 902 [2008]).

The petitioner did not proffer any excuse for her failure to serve a timely notice of claim upon the appellants. Furthermore, while a school official prepared an accident claim form on the day of the incident, that report, which merely indicated that Sanabria was injured on the jungle gym during recess, did not establish that the appellants had actual knowledge, within 90 days of the incident or a reasonable time thereafter, of the essential facts underlying the petitioner's claim of negligent supervision (see *Matter of Scolo v Central Islip Union Free School Dist.*, 40 AD3d 1104 [2007]; *Matter of Doyle v Elwood Union Free School Dist.*, 39 AD3d 544 [2007]; *Matter of Scott v Huntington Union Free School Dist.*, 29 AD3d 1010 [2006]; *Matter of del Carmen v Brentwood Union Free School Dist.*, 7 AD3d 620 [2004]; *Matter of Conroy v Smithtown Cent. School Dist.*, 3 AD3d 492 [2004]; *Corrales v Middle Country Cent. School Dist.*, 307 AD2d 907 [2003]; *Matter of Price v Board of Educ. of City of Yonkers*, 300 AD2d 310 [2002]; *Matter of Ryder v Garden City School Dist.*, 277 AD2d 388 [2000]). Moreover, the petitioner failed to establish that the nine-month delay after the expiration of the 90-day statutory period would not substantially prejudice the appellants in maintaining a defense on the merits (see *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 152 [2008]; *Matter of Lorseille v New York City Hous. Auth.*, 295 AD2d 612 [2002]; *Matter of Sica v Board of Educ. of*

*City of N.Y.*, 226 AD2d 542 [1996]). Spolzino, J.P., Santucci, Angiolillo, Leventhal and Lott, JJ., concur.