■ In the Matter of TIMOTHY QUINN et al., Individually and as Parents of A.Q., an Infant, Appellants, v WALLKILL CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION et al., Respondents. [16 NYS3d 277]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Orange County (Bartlett, J.), dated May 14, 2014, which denied the petition.

Ordered that the order is affirmed, with costs.

In order to maintain a tort action against a school district, a claimant must serve a notice of claim within 90 days of the alleged injury (*see* Education Law § 3813 [2]; General Municipal Law § 50-i [1]; *Bazile v City of New York*, 94 AD3d 929 [2012]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 143 [2008]). In determining whether to grant leave to serve a late notice of claim, the court must consider whether (1) the school district or its attorney or insurance carrier acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the injured party was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the petitioner demonstrated a reasonable excuse for the failure

to serve a timely notice of claim, and (4) the school district was substantially prejudiced by the delay in its ability to maintain its defense on the merits (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]).

Here, the evidence submitted by the petitioners did not establish that the respondents had actual knowledge of the essential facts constituting the claim, that is, facts which would demonstrate a connection between the happening of the incident and any negligence on the part of the respondents (*see Matter of Placido v County of Orange*, 112 AD3d 722 [2013]). Nor did the petitioners establish a nexus between the infant petitioner's infancy and their failure to timely serve a notice of claim, or demonstrate a reasonable excuse for their delay (*see Matter of Magana v Westchester County Health Care Corp.*, 89 AD3d 851, 852 [2011]). Finally, the petitioners failed to demonstrate that the respondents would not be substantially prejudiced in their ability to maintain a defense on the merits (*see Williams v Jamaica Hosp. Med. Ctr.*, 124 AD3d 636, 638 [2015]).

In light of our determination, we need not reach the respondents' remaining contention.

Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the petition for leave to serve a late notice of claim. Chambers, J.P., Hall, Cohen and Maltese, JJ., concur.