◼ BRETT HORN, an Infant, by His Mother and Natural Guardian, KAREN HORN, et al., Respondents, v BELLMORE UNION FREE SCHOOL DISTRICT, Appellant. [32 NYS3d 289]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered August 6, 2015, as, in effect, denied that branch of its motion which was pursuant to CPLR 3211 (a) and General Municipal Law § 50-e (1) (a) to dismiss the complaint insofar as asserted by the plaintiff Brett Horn and granted that branch of the plaintiffs' cross motion which was pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim on behalf of the plaintiff Brett Horn.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, that branch of the defendant's motion which was pursuant to CPLR 3211 (a) and General Municipal Law § 50-e (1) (a) to dismiss the complaint insofar as asserted by the plaintiff Brett Horn is granted, and that branch of the plaintiffs' cross motion which was pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim on behalf of the plaintiff Brett Horn is denied.

In determining whether to grant leave to serve a late notice of claim upon a school district, the court must consider whether (1) the school district or its attorney or insurance carrier acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the injured student was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the school district was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; Williams v Nassau County Med. Ctr., 6 NY3d 531, 535 [2006]; Matter of Quinn v Wallkill Cent. Sch. Dist. Bd. of Educ., 131 AD3d 1063, 1063-1064 [2015]; Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790 [2014]; Matter of Destine v City of New York, 111 AD3d 629 [2013]). The presence or absence of any one factor is not necessarily determinative (see Matter of Tonissen v Huntington U.F.S.D., 80 AD3d 704, 705 [2011]), but whether the public corporation had actual knowledge of the essential facts constituting the claim is "the most important, based on its placement in the statute and its relation to other relevant factors" (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147 [2008]). General knowledge that a wrong has been committed is not enough to satisfy the actual knowledge requirement (see Matter of Devivo v Town of Carmel, 68 AD3d 991, 992 [2009]; Matter of Wright v City of New York, 66 AD3d 1037, 1038 [2009]). "In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves" (Matter of Felice v Eastport/South Manor Cent. Sch. Dist., 50 AD3d at 148; see Iglesias v Brentwood Union Free Sch. Dist., 118 AD3d 785 [2014]). "[K]nowledge of the accident itself and the seriousness of the

injury does not satisfy this enumerated factor where those facts do not also provide the public corporation with knowledge of the essential facts constituting the claim" (*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 155).

A clamant's infancy will automatically toll the applicable one-year-and-90-day statute of limitations for commencing an action against a school district (*see* CPLR 208; General Municipal Law § 50-i; *Henry v City of New York*, 94 NY2d 275, 278 [1999]). However, the factor of infancy alone does not compel the granting of a motion for leave to serve a late notice of claim (*see Rowe v Nassau Health Care Corp.*, 57 AD3d 961, 962 [2008]; *Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 50 AD3d 830, 832 [2008]; *Matter of Rennell S. v North Jr. High School*, 12 AD3d 518 [2004]).

Here, the plaintiffs failed to establish that the defendant had "acquired actual knowledge of the essential facts constituting the claim" within 90 days of the accident or a reasonable time thereafter (General Municipal Law § 50-e [5]). The school's principal prepared an accident claim form on the day of the accident, and the infant plaintiff's parents completed the medical claim portion of that form a couple of weeks after the accident. Contrary to the plaintiffs' contention, this form, which merely indicated that the infant plaintiff lost his left front tooth and part of his right front tooth when he hit his mouth on the gymnasium floor in an attempt to "duck from a ball" during physical education class, did not establish that the defendant had timely, actual knowledge of the essential facts underlying the claims that it was negligent in supervising the students, in failing to provide a safe play area, and in allowing the infant plaintiff to engage in an inappropriate activity (*see Matter of Manuel v Riverhead Cent. Sch. Dist.*, 116 AD3d 1048, 1050 [2014]; *Bazile v City of New York*, 94 AD3d 929, 930 [2012]; *Matter of Castro v Clarkstown Cent. School Dist.*, 65 AD3d 1141, 1142-1143 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 149-150; *Matter of Scolo v Central Islip Union Free School Dist.*, 40 AD3d 1104 [2007]). Accordingly, the defendant had no reason to conduct a prompt investigation into the purported negligent supervision and alleged unsafe condition of the gymnasium floor (*see Matter of Manuel v Riverhead Cent. Sch. Dist.*, 116 AD3d at 1050; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 155; *Matter of Ryder v Garden City School Dist.*, 277 AD2d 388, 389 [2000]).

Furthermore, the plaintiffs failed to establish that the delay of approximately four years and 10 months after the expiration

of the 90-day statutory period in moving for leave to serve a late notice of claim would not substantially prejudice the defendant in maintaining a defense on the merits (*see Matter of Castro v Clarkstown Cent. School Dist.*, 65 AD3d at 1142; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152). Moreover, the plaintiffs failed to establish a nexus between the infant plaintiff's infancy and the delay in moving for leave to serve a late notice of claim (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 538; *Williams v Jamaica Hosp. Med. Ctr.*, 124 AD3d 636 [2015]; *Lyles v New York City Health & Hosps. Corp.*, 121 AD3d 648, 649 [2014]; *Matter of Goldstein v Clarkstown Cent. School Dist.*, 208 AD2d 537, 538 [1994]). In addition, the claim of the infant plaintiff's mother that she relied upon the defendant's representation that it would assume responsibility for the infant plaintiff's medical expenses, without stating when those medical benefits were denied, was insufficient to excuse the delay in moving for leave to serve a late notice of claim (*cf. Matter of Funkhouser v Middle Country Cent. Sch. Dist.*, 102 AD3d 689, 690 [2013]; *Matter of Zimmet v Huntington Union Free School Dist. [District No. 3]*, 187 AD2d 436 [1992]; *Matter of Tetro v Plainview-Old Bethpage Cent. School Dist.*, 99 AD2d 814, 815 [1984]).

Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' cross motion which was for leave to serve a late notice of claim on behalf of the infant plaintiff and, in effect, denying that branch of the defendant's motion which was to dismiss the complaint insofar as asserted by the infant plaintiff. Mastro, J.P., Rivera, Austin and LaSalle, JJ., concur.