Matter of R.N. v Village of New Sq. (2018 NY Slip Op 05595)





Matter of R.N. v Village of New Sq.


2018 NY Slip Op 05595


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-07918
 (Index No. 30905/17)

[*1]In the Matter of R.N., et al., petitioners-respondents,
v
Village of New Square, appellant, et al., respondent.


O'Connor McGuinness Conte Doyle Oleson Watson & Loftus, LLP, White Plains, NY (Montgomery L. Effinger of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the Village of New Square appeals from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated June 9, 2017, as corrected by an order of the same court dated April 17, 2018. The order, as corrected, insofar as appealed from, granted that branch of the petition which was for leave to serve a late notice of claim upon the Village of New Square.
ORDERED that the order dated June 9, 2017, as corrected, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, and that branch of the petition which was for leave to serve a late notice of claim upon the Village of New Square is denied.
On November 2, 2015, the infant petitioner, R.N., who was then eight years old, allegedly was injured when she tripped and fell on a discarded metal bed frame that had been left on the premises of an apartment complex located in Spring Valley. The petitioners alleged that the Village of New Square Public Housing Authority (hereinafter the Housing Authority) owned and/or managed the apartment complex.
On February 27, 2017, R.N., by her mother, and the mother individually (hereinafter together the petitioners), filed a petition pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the Village and the Housing Authority. By order dated June 9, 2017, as corrected by an order of the same court dated April 17, 2018, the Supreme Court granted the petition. The Village appeals from so much of the order as granted that branch of the petition which was for leave to serve a late notice of claim upon it.
In order to maintain a tort action against a public corporation, a claimant generally must serve a notice of claim within 90 days after the claim arises (see General Municipal Law § 50-e[1]). However, courts are authorized to extend the time in which to serve a notice of claim, provided that the extension does not exceed the time limit for the commencement of an action by the claimant against the public corporation (see General Municipal Law § 50-e[5]; Bazile v City of New York, 94 AD3d 929, 929).
In determining whether to grant leave to serve a late notice of claim, a court must consider whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the claimant's infancy and the delay in service of a notice of claim, (3) the claimant had a reasonable excuse for the failure to serve a timely notice of claim, and (4) the public corporation was prejudiced by the delay in its ability to maintain its defense on the merits (see Bakioglu v Tornabene, 117 AD3d 658, 658-659; Bazile v City of New York, 94 AD3d at 929-930; Matter of Joy v County of Suffolk, 89 AD3d 1025, 1026; Matter of March v Town of Wappinger, 29 AD3d 998, 999). The presence or absence of any one factor is not determinative, but whether the public corporation had actual knowledge of the essential facts is of great importance (see Matter of Joy v County of Suffolk, 89 AD3d at 1026; Matter of Gonzalez v City of New York, 60 AD3d 1058, 1059). General knowledge that a wrong has been committed is insufficient to satisfy the actual knowledge requirement (see Horn v Bellmore Union Free Sch. Dist., 139 AD3d 1006, 1007).
Here, the Supreme Court should have denied that branch of the petition which was for leave to serve a late notice of claim upon the Village on behalf of the mother in her individual capacity, as the statute of limitations for her derivative cause of action had expired at the time the proceeding was commenced (see General Municipal Law § 50-i[1][c]; Bazile v City of New York, 94 AD3d at 930; Kim L. v Port Jervis City School Dist., 77 AD3d 627). The infancy toll (see CPLR 208) is personal to the infant and does not extend to a parent's derivative cause of action (see Bazile v City of New York, 94 AD3d at 930; Kim L. v Port Jervis City School Dist., 77 AD3d 627; Blackburn v Three Vil. Cent. School Dist., 270 AD2d 298, 298).
Moreover, the Supreme Court improvidently exercised its discretion in granting that branch of the petition which was for leave to serve a late notice of claim upon the Village on behalf of the infant petitioner (see Horn v Bellmore Union Free Sch. Dist., 139 AD3d 1006; Matter of Castro v Clarkstown Cent. School Dist., 65 AD3d 1141; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138). The mother's assertions that she left a message on the answering machine of the Housing Authority to provide notice of the accident and that she observed employees of the Housing Authority in the vicinity of the discarded bed frame were insufficient to establish that the Village acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (see Horn v Bellmore Union Free Sch. Dist., 139 AD3d 1006; Bazile v City of New York, 94 AD3d 929; see generally Matter of Ramirez v City of New York, 148 AD3d 908).
The petitioners did not establish that the delay in serving the notice of claim after the expiration of the 90-day statutory period would not substantially prejudice the Village (see Matter of Newcomb v Middle County Cent. Sch. Dist., 28 NY3d 455; Horn v Bellmore Union Free Sch. Dist., 139 AD3d 1006; Matter of Hampson v Connetquot Cent Sch. Dist., 114 AD3d 790, 791; Matter of Castro v Clarkstown Cent. School Dist., 65 AD3d 1141). Moreover, the petitioners failed to demonstrate a reasonable excuse for the delay. The mother's lack of knowledge of the law was not a reasonable excuse (see Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d at 791; Matter of Taylor v County of Suffolk, 90 AD3d 769, 770), and the petitioners did not submit any evidence to support the allegation that the mother did not readily appreciate the severity of R.N.'s injuries (see Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d at 791; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 151).
Finally, the petitioners did not establish a causal nexus between R.N.'s infancy and the delay in the serving of the notice of claim (see Horn v Bellmore Union Free Sch. Dist., 139 AD3d at 1006). Although the mother asserted that she was not aware of the extent of R.N.'s injuries, there is no indication that this lack of awareness was due to R.N.'s infancy. The infancy of a petitioner, standing alone, does not compel the granting of an application for leave to serve a late notice of claim (see Matter of Vasquez v City of Newburgh, 35 AD3d 621, 623).
Accordingly, the Supreme Court should have denied the petition insofar as asserted against the Village.
ROMAN, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court