Doe v City of New York (2020 NY Slip Op 03768)





Doe v City of New York


2020 NY Slip Op 03768


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2019-02555
2019-02556
 (Index No. 712340/18)

[*1]Jane Doe, etc., appellant,
v
City of New York, et al., respondents.


Alexander G. Cabeceiras, New York, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Ellen Ravitch of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from two orders of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), both entered January 18, 2019. The first order, insofar as appealed from, denied those branches of the plaintiff's motion pursuant to General Municipal Law § 50-e(5) which were for leave to deem a late notice of claim timely served nunc pro tunc on the defendant New York City Department of Education with respect to the claims alleging negligent supervision, negligent infliction of emotional distress, and sex discrimination and retaliation in violation of 20 USC § 1681(a). The second order, insofar as appealed from, granted those branches of the defendants' cross motion pursuant to CPLR 3211(a) which were to dismiss the third, fourth, fifth, and sixth causes of action insofar as asserted against the defendant New York City Department of Education.
ORDERED that the first order is modified, on the law and in the exercise of discretion, by deleting the provisions thereof denying those branches of the plaintiff's motion pursuant to General Municipal Law § 50-e(5) which were for leave to deem a late notice of claim timely served nunc pro tunc on the defendant New York City Department of Education with respect to the claims alleging negligent supervision and negligent infliction of emotional distress, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the second order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' cross motion pursuant to CPLR 3211(a) which were to dismiss the third and fourth causes of action insofar as asserted against the defendant New York City Department of Education, and substituting therefor provisions denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On September 28, 2017, the then 16-year-old plaintiff, a student at a high school in Queens, allegedly was raped by another student in the school stairwell. The next day, the plaintiff reported the incident to school officials, at which time an assistant principal encouraged the plaintiff's mother to file a police report. As a result of the police report, a juvenile delinquency proceeding was commenced against the offending student in the Family Court, Queens County. At [*2]approximately that same time, the defendant New York City Department of Education (hereinafter the DOE) held a hearing to determine whether any disciplinary action should be taken against the offending student. After a hearing, in December 2017, the DOE suspended the offending student from school for a period of one year. Thereafter, in a letter dated April 2018, the plaintiff's mother was notified that the proceeding against the offending student had concluded, and that he had "pled guilty to the crime of Sexual Misconduct" and was placed on probation for a period of 12 months. The plaintiff was transferred to a different high school on or before March 2018.
On July 12, 2018, the plaintiff, by her mother, served a notice of claim, and, on August 9, 2018, commenced this action against the DOE and another defendant. On September 28, 2018, the plaintiff filed an amended complaint and moved pursuant to General Municipal Law § 50-(e)(5) for leave to deem the late notice of claim timely served nunc pro tunc. The amended complaint asserted, in relevant part, causes of action alleging negligent supervision (third cause of action), negligent infliction of emotional distress (fourth cause of action), and sex discrimination and retaliation in violation of Title IX of the Education Amendments of 1972 (see 20 USC § 1681[a]) (fifth and sixth causes of action, respectively). The defendants cross-moved pursuant to CPLR 3211(a) to dismiss the amended complaint. In an order entered January 18, 2019, the Supreme Court denied the plaintiff's motion. In a separate order, also entered January 18, 2019, the court granted the defendants' cross motion. The plaintiff appeals.
In determining whether to grant leave to serve a late notice of claim, a court must consider whether: (1) the school district or its agent acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim and for the subsequent delay in seeking leave to serve a late notice of claim, and (4) the delay would substantially prejudice the school district in its defense (see Education Law § 3813[2-a]; Matter of Galicia v City of New York, 175 AD3d 681, 682; Horn v Bellmore Union Free Sch. Dist., 139 AD3d 1006, 1007; Matter of Quinn v Wallkill Cent. Sch. Dist. Bd. of Educ., 131 AD3d 1063).
The Supreme Court improvidently exercised its discretion in denying those branches of the plaintiff's motion pursuant to General Municipal Law § 50-e(5) which were to deem the late notice of claim timely served nunc pro tunc on the DOE with respect to the claims alleging negligent supervision and negligent infliction of emotional distress. The DOE had actual knowledge, within the statutory period or a reasonable time thereafter, of the facts constituting those claims, which arose as a result of the alleged rape that occurred on September 28, 2017 (see Kim L. v Port Jervis City School Dist., 77 AD3d 627; Matter of Andrew T.B. v Brewster Cent. School Dist., 18 AD3d 745; Cruz v City of Yonkers, 268 AD2d 501). Furthermore, in light of the DOE's actual knowledge of the essential facts constituting the claims of negligent supervision and negligent infliction of emotional distress, the plaintiff met her initial burden of establishing a lack of substantial prejudice to the DOE in maintaining a defense with respect to those claims (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; Matter of John P. v Plainedge Union Free Sch. Dist., 165 AD3d 1263, 1264; Matter of Messick v Greenwood Lake Union Free Sch. Dist., 164 AD3d 1448, 1450; Matter of Ramirez v City of New York, 148 AD3d 908, 909). In opposition, the DOE failed to make a particularized evidentiary showing that it would be substantially prejudiced if the late notice with respect to those claims was allowed (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466). "[W]here there is actual notice and an absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (Erichson v City of Poughkeepsie Police Dept., 66 AD3d 820, 821; see Matter of John P. v Plainedge Union Free Sch. Dist., 165 AD3d at 1264).
However, we agree with the Supreme Court's determination to deny those branches of the plaintiff's motion which were to deem the late notice of claim timely served nunc pro tunc on the DOE with respect to the claims alleging sex discrimination and retaliation in violation of Title IX of the Education Amendments of 1972 (see 20 USC § 1681[a]) inasmuch as the plaintiff failed to demonstrate that the DOE acquired timely, actual knowledge of the essential facts constituting those claims (see Davis v Monroe County Bd. of Ed., 526 US 629, 648-650; Matter of Barrer-Cohen [*3]v Greenburgh Cent. Sch. Dist., 178 AD3d 920). The plaintiff also failed to sustain her initial burden of presenting "some evidence or plausible argument" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466) that granting the motion with respect to those claims would not substantially prejudice the DOE in defending those claims on the merits.
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion pursuant to General Municipal Law § 50-e(5) which were for leave to deem the late notice of claim timely served nunc pro tunc on the DOE with respect to the claims alleging negligent supervision and negligent infliction of emotional distress, and should have denied those branches of the defendants' cross motion pursuant to CPLR 3211(a) which were to dismiss the third and fourth causes of action insofar as asserted against the DOE.
The plaintiff's remaining contentions are without merit.
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court