Matter of McVea v County of Orange (2020 NY Slip Op 04840)





Matter of McVea v County of Orange


2020 NY Slip Op 04840


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2019-07888
 (Index No. 2196/19)

[*1]In the Matter of Kelli R. McVea, et al., respondents,
v
County of Orange, et al., appellants.


Langdon C. Chapman, County Attorney, Goshen, NY (Carol Pierce of counsel), for appellants.
Fine, Olin & Anderman, LLP, Newburgh, NY (Andrew L. Spitz of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the County of Orange and Orange County Sheriff appeal from an order of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated June 10, 2019. The order granted the petition.
ORDERED that the order is affirmed, with costs.
On July 5, 2018, the petitioner Kelli R. McVea (hereinafter the injured petitioner), a New York State Trooper, allegedly was injured while in the course of responding to a 911 call when her state police motor vehicle collided with a motor vehicle operated by a Deputy Sheriff employed by the respondent Orange County Sheriff. On March 22, 2019, the injured petitioner and her husband commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim against the respondent County of Orange and the Orange County Sheriff (hereinafter together the County) relating to claims sounding in negligence. The Supreme Court granted the petition, and the County appeals.
Prior to commencing an action sounding in tort against a municipality or public corporation, General Municipal Law § 50-e requires that a notice of claim be served upon the municipality or public corporation within 90 days of the date that the claim arises (see General Municipal Law § 50-e[1][a]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460; Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 674). In determining whether to grant leave to serve an untimely notice of claim, the court, in exercising its discretion, must consider all relevant circumstances, including whether (1) the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice, (2) the municipality or public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipality or public corporation in its ability to defend against the action (see General Municipal Law § 50-e[5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 461; Matter of Perez v City of New York, 175 AD3d 1534, 1535). "The presence or absence of any one of these factors is not necessarily determinative" (Matter of Dell'Italia v Long [*2]Is. R.R. Corp., 31 AD3d 758, 759; see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467; N.F. v City of New York, 161 AD3d 1046, 1047). As such, the absence of a reasonable excuse is not necessarily fatal (see Matter of Jaffier v City of New York, 148 AD3d 1021, 1022; Matter of City of New York v County of Nassau, 146 AD3d 948, 950). Nevertheless, whether the municipality or public corporation acquired timely actual notice of the essential facts constituting the claim should be accorded great weight (see Matter of City of New York v County of Nassau, 146 AD3d at 950; Matter of D'Agostino v City of New York, 146 AD3d 880).
Here, the County acquired timely, actual knowledge of the essential facts constituting the claim. Although a police report regarding an automobile accident does not, in and of itself, constitute notice of a claim to a municipality, where the municipality's employee was involved in the accident and the report or investigation reflects that the municipality had knowledge that its employee committed a potentially actionable wrong, the municipality can be found to have actual notice (see Matter of Jaffier v City of New York, 148 AD3d at 1022-1023; Kuterman v City of New York, 121 AD3d 646, 647-648). In this case, the subject motor vehicle accident involved an Orange County Sheriff's vehicle and employee. Numerous officers from the Orange County Sheriff's office responded to the scene of the accident. Further, the police accident report prepared by a state police officer who responded to the scene contained the injured petitioner's account of how the accident occurred. Specifically, the police report indicated that the County committed a potentially actionable wrong when its employee allegedly failed to yield the right of way to the injured petitioner's vehicle even though the injured petitioner's vehicle's lights and sirens were activated. The police accident report also indicated that the injured petitioner was allegedly injured in the accident. Moreover, upon submitting a request to the County pursuant to the Freedom of Information Law for documents related to this accident, the County produced the police accident report, photographs taken of the vehicles and the accident scene, unit activity logs for the vehicles, and the Orange County Sheriff's report regarding the accident. Thus, the County acquired timely actual knowledge of the essential facts constituting the petitioners' claim (see Matter of Jaffier v City of New York, 148 AD3d at 1022-1023; see also M.L. v City of New York, 173 AD3d 848, 850; Matter of Joy v County of Suffolk, 89 AD3d 1025, 1026).
Moreover, as the County acquired timely knowledge of the essential facts constituting the petitioners' claim, the petitioners met their initial burden of showing that the County would not be prejudiced by the late notice of claim (see M.L. v City of New York, 173 AD3d at 851; Matter of Jaffier v City of New York, 148 AD3d at 1023; Matter of Joy v County of Suffolk, 89 AD3d at 1026-1027). In response to the petitioners' initial showing, the County failed to come forward with particularized evidence demonstrating that the late notice of claim substantially prejudiced its ability to defend the claim on the merits (see M.L. v City of New York, 173 AD3d at 851). Since the County had actual knowledge of the essential facts underlying the claim and no substantial prejudice to the County was demonstrated, we agree that the petitioners' failure to provide a reasonable excuse for the delay in filing their notice of claim did not serve as a bar to granting leave to serve a late notice of claim (see Matter of Jaffier v City of New York, 148 AD3d at 1023; Matter of Joy v County of Suffolk, 89 AD3d at 1026-1027).
The County's remaining contention, that the petition should have been denied on the basis that the petitioners' claim is patently meritless, is without merit.
Accordingly, the Supreme Court providently exercised its discretion in granting the petition.
DILLON, J.P., BALKIN, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court