Matter of McGrue v City of New York (2021 NY Slip Op 04022)





Matter of McGrue v City of New York


2021 NY Slip Op 04022


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-05252
 (Index No. 702032/18)

[*1]In the Matter of Carey McGrue, petitioner-respondent,
v
City of New York, et al., appellants, et al., respondent.


Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Kathy C. Park, Deborah A. Brenner, and Elizabeth I. Freedman of counsel), for appellants.
Edelman, Krasin & Jaye, PLLC, Westbury, NY (Monica P. Becker of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve late notices of claim, the City of New York and the New York City Police Department appeal from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), entered February 20, 2019. The order granted the petition.
ORDERED that the order is affirmed, with costs.
The petitioner allegedly was injured while attempting to walk across a street in Queens when he was struck by a marked police vehicle. By notice of petition dated May 15, 2018, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve late notices of claim on the City of New York and the New York City Police Department (hereinafter together the City), alleging negligence. The Supreme Court granted the petition, and the City appeals. We affirm.
Pursuant to General Municipal Law § 50-e(1)(a), as condition precedent to commencing a tort action against a public corporation, a notice of claim must be served on the public corporation, within 90 days after the claim arises. This requirement is intended to protect public corporations against stale tort claims and to give them an opportunity to timely and efficiently investigate the claim (see Stiff v City of New York, 114 AD3d 843, 843; Matter of Tumm v Town of Eastchester, 8 AD3d 581, 582). The court has the discretion to extend the time to serve a notice of claim so long as the extension is sought within the time within which an action must be commenced against the public corporation (see General Municipal Law § 50-e[5]). In determining whether to grant such an extension, the Court shall consider, in particular, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter (see id.). The other factors to be considered include whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits (see id.). Neither the presence nor absence of any one factor is determinative (see Matter of Joy v County of Suffolk, 89 AD3d 1025, 1026; Matter of Chambers v Nassau County Health Care Corp., 50 AD3d 1134, 1135), and the absence of a reasonable excuse for failing to [*2]timely serve the notice of claim is not fatal (see Matter of Bonaguro v City of New York, 122 AD3d 731, 733; Jordan v City of New York, 41 AD3d 658, 660).
Here, the petitioner established that the City, which investigated the accident on the day it occurred and prepared a police report from which an inference could be drawn that a potentially actionable wrong may have been committed by an employee of the City, acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual (see Matter of McVea v County of Orange, 186 AD3d 1221, 1222; Matter of Jaffier v City of New York, 148 AD3d 1021, 1022-1023; Bakioglu v Tornabene, 117 AD3d 658, 659).
By establishing that the City had actual, timely notice of the essential facts of the claim, the petitioner satisfied the initial burden of demonstrating a lack of substantial prejudice to the City's maintenance of a defense to the claim (see Matter of McVea v County of Orange, 186 AD3d at 1223; Doe v City of New York, 185 AD3d 659, 661). The City failed to rebut the petitioner's showing that the delay did not substantially prejudice the City in its defense of the claim with particularized indicia of prejudice (see Matter of Ramirez v City of New York, 148 AD3d 908, 909).
Accordingly, the Supreme Court properly granted the petition for leave to serve late notices of claim.
MASTRO, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court