Matter of Manbodh v New York City Tr. Auth. (2022 NY Slip Op 02544)

Matter of Manbodh v New York City Tr. Auth.

2022 NY Slip Op 02544

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-10019
 (Index No. 2616/18)

[*1]In the Matter of Rabindra Manbodh, appellant,
v
New York City Transit Authority, etc., respondent.

Leonid Krimsky, New York, NY (Bryan Goldstein of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated May 31, 2019. The order denied the petition.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is granted.
In January 2018, a bus owned by the New York City Transit Authority (hereinafter the Authority) collided with a sanitation truck owned by nonparty the City of New York. As a result of the collision, the sanitation truck struck a parked vehicle owned by the petitioner, damaging it. In or around October 2018, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the Authority. The Supreme Court denied the petition, and the petitioner appeals.
In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the public corporation in its defense on the merits (see Matter of McGrue v City of New York, 195 AD3d 932; Matter of McVea v County of Orange, 186 AD3d 1221).
Under the particular circumstances of this case, including the circumstances of the accident, which was investigated by the Authority on the scene, the statements of the drivers of the bus and the sanitation truck as reflected on the police accident report, and the extent of observable damage to the petitioner's vehicle, which was additionally recited in the police report, the petitioner demonstrated that the Authority acquired timely, actual knowledge of the essential facts constituting the claim (see Matter of McVea v County of Orange, 186 AD3d at 1222; see also Matter of McGrue v City of New York, 195 AD3d 932).
Furthermore, as the Authority acquired timely knowledge of the essential facts constituting the petitioner's claim, the petitioner met his initial burden of showing that the Authority would not be prejudiced by the late notice of claim (see Matter of McGrue v City of New York, 195 AD3d 932; Matter of Jaffier v City of New York, 148 AD3d 1021, 1023). In response to the petitioner's initial showing, the Authority failed to come forward with particularized evidence [*2]demonstrating that the late notice of claim substantially prejudiced its ability to defend the claim on the merits (see Matter of McGrue v City of New York, 195 AD3d 932). Since the Authority had actual knowledge of the essential facts underlying the claim and no substantial prejudice to the Authority was demonstrated, the petitioner's failure to provide a reasonable excuse for the delay in serving the notice of claim did not serve as a bar to granting leave to serve a late notice of claim (see Matter of McVea v County of Orange, 186 AD3d at 1223; Matter of Jaffier v City of New York, 148 AD3d at 1023).
Accordingly, the Supreme Court improvidently exercised its discretion in denying the petition.
IANNACCI, J.P., ROMAN, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court