Matter of Brown v City of New York (2023 NY Slip Op 03693)

Matter of Brown v City of New York

2023 NY Slip Op 03693

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-05343
 (Index No. 505152/22)

[*1]In the Matter of Kyle Brown, appellant,
v
City of New York, respondent.

Kelner & Kelner, New York, NY (Joshua D. Kelner of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon and Philip W. Young of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated June 29, 2022. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is granted.
On the morning of October 5, 2021, the petitioner, an employee of the New York City Department of Sanitation (hereinafter Department of Sanitation), was injured when he tripped and fell on a sidewalk while working in front of a residence in Brooklyn. Shortly thereafter, a Department of Sanitation supervisor arrived, inspected the area, and prepared a line-of-duty injury report. The report identified the location of the accident and included the petitioner's description of the accident, which stated: "I fell into a hole on the sidewalk. I rolled my right ankle due to the depth difference." In February 2022, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on the City of New York. In an order dated June 29, 2022, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the public corporation in its defense on the merits (see Matter of Manbodh v New York City Tr. Auth., 204 AD3d 914, 915; Matter of McGrue v City of New York, 195 AD3d 932, 932).
We conclude that the balance of the statutory factors in this case warrants the granting of the petition. The line-of-duty injury report prepared and filed shortly after the petitioner's accident provided the City with timely actual knowledge of the essential facts constituting the claim. Further, its specificity regarding the location and circumstances of the incident permitted the City [*2]to readily infer that a potentially actionable wrong had been committed (see Matter of Catania v City of New York, 188 AD3d 1041, 1043; Matter of Nieto v City of New York, 170 AD3d 1022, 1023; cf. Matter of Clark v City of New York, 139 AD3d 849).
Furthermore, as the City acquired timely knowledge of the essential facts constituting the claim, the petitioner met his initial burden of showing that the City would not be prejudiced by the late notice of claim (see Matter of McGrue v City of New York, 195 AD3d at 932; Matter of McVea v County of Orange, 186 AD3d, 1221, 1223). In response to the petitioner's initial showing, the City failed to come forward with particularized evidence demonstrating that the late notice of claim substantially prejudiced its ability to defend the claim on the merits (see Matter of McGrue v City of New York, 195 AD3d at 933; Matter of Tejada v City of New York, 161 AD3d 876, 878).
Since the City had actual knowledge of the essential facts underlying the claim and no substantial prejudice to the City was demonstrated, the petitioner's failure to provide a reasonable excuse for the delay in serving the notice of claim did not serve as a bar to granting leave to serve a late notice of claim (see Matter of Manbodh v New York City Tr. Auth., 204 AD3d at 915; Matter of McVea v County of Orange, 186 AD3d at 1223).
Accordingly, the Supreme Court improvidently exercised its discretion in denying the petition.
IANNACCI, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court