Matter of Steward v City of New York (2024 NY Slip Op 02058)

Matter of Steward v City of New York

2024 NY Slip Op 02058

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-02283
 (Index No. 522710/21)

[*1]In the Matter of Shartisia Steward, appellant,
v
City of New York, respondent.

Decolator, Cohen & DiPrisco, LLP, Garden City, NY (Carolyn M. Canzoneri of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton and Eva L. Jerome of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated March 4, 2022. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is granted.
On February 8, 2021, the petitioner, an officer of the New York Police Department, slipped and fell on ice while walking in the rear parking lot of the 81st police precinct station house in Brooklyn. Shortly thereafter, the petitioner's supervisor investigated the incident and filed a line-of-duty injury report, containing the date, time, and location of the incident as well a description of the petitioner's injuries. The line-of-duty injury report also included the petitioner's description of the incident, which stated: "I was walking in the rear of the precinct parking lot to get a ride to my assigned post. I slipped and fell on ice and landed on my right side." In March 2021, the petitioner sought to amend the line-of-duty injury report to include additional injuries allegedly sustained in connection with the incident. In September 2021, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the City of New York. By order dated March 4, 2022, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
In determining whether to grant leave to serve a late notice of claim against a public corporation, a court must consider all relevant circumstances, including whether: (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation in its defense on the merits (see Matter of Brown v City of New York, 218 AD3d 466, 467; Etienne v City of New York, 189 AD3d 1400, 1401). While the presence or absence of any one of the above factors is not necessarily determinative, whether the public corporation acquired timely, actual knowledge of the essential facts constituting a claim within 90 days after the claim arose or a reasonable time thereafter is considered to be the most significant factor (see Etienne v City of New York, 189 AD3d at 1401; Matter of Catania v City of New York, 188 AD3d 1041, 1042).
We conclude that the balance of the statutory factors in this case warrants the granting of the petition. The line-of-duty injury report prepared and filed shortly after the petitioner's incident provided the City with timely, actual knowledge of the essential facts constituting the claim. The line-of-duty injury report's specificity regarding the location and circumstances of the incident, permitted the City to readily infer that a potentially actionable wrong had been committed (see Matter of Brown v City of New York, 218 AD3d at 467; Matter of Catania v City of New York, 188 AD3d at 1043; cf. Matter of Maldonado v City of New York, 152 AD3d 522, 523; Matter of Clark v City of New York, 139 AD3d 849, 850).
Further, as the petitioner has shown the City's actual knowledge of the essential facts underlying the claim, the petitioner's failure to provide a reasonable excuse for the delay in serving the notice of claim was not fatal to her claim (see Matter of Brown v City of New York, 218 AD3d at 468; Matter of Cruz v City of New York, 149 AD3d 835, 837).
In addition, as the City acquired timely knowledge of the essential facts constituting the claim, the petitioner met her initial burden of showing that the City would not be prejudiced by the late notice of claim (see Matter of Brown v City of New York, 218 AD3d at 467-468; Matter of McGrue v City of New York, 195 AD3d 932, 933). In response to the petitioner's initial showing, the City has failed to provide particularized evidence establishing that the late notice substantially prejudiced its ability to defend the claim on the merits (see Matter of Brown v City of New York, 218 AD3d at 467-468; Matter of Tejada v City of New York, 161 AD3d 877, 878).
Accordingly, the Supreme Court improvidently exercised its discretion in denying the petition.
BRATHWAITE NELSON, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court