Matter of Peers v City of New York (2024 NY Slip Op 05981)

Matter of Peers v City of New York

2024 NY Slip Op 05981

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-05493
 (Index No. 150093/23)

[*1]In the Matter of Douglas Peers, respondent,
v
City of New York, et al., appellants.

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Susan Paulson and Elina Druker of counsel), for appellants.
Jonathan D'Agostino & Associates P.C., Staten Island, NY (Glenn Schwartz of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the City of New York and New York City Department of Sanitation appeal from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated March 8, 2023. The order granted the petition for leave to serve a late notice of claim and deemed the late notice of claim timely served nunc pro tunc.
ORDERED that the order is affirmed, with costs.
In January 2023, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the City of New York and New York City Department of Sanitation (hereinafter together the appellants) related to personal injuries he alleged he sustained when he fell off a ladder while making repairs at a garage on October 22, 2021. In an order dated March 8, 2023, the Supreme Court granted the petition and deemed the petitioner's late notice of claim timely served nunc pro tunc. This appeal ensued.
"General Municipal Law § 50-e requires that, prior to commencing an action sounding in tort against a municipality or public corporation, a notice of claim be served upon the municipality or public corporation within 90 days after the date that the claim arises" (Matter of Lugo v GNP Brokerage, 185 AD3d 824, 824-825). Nonetheless, in "exceptional cases" a court may extend the 90-day time period to serve a required notice of claim, "provided the statute of limitations of one year and 90 days has not already expired" (Matter of Jaime v City of New York, 41 NY3d 531, 540 [internal quotation marks omitted]). "The determination of an application for leave to serve a late notice of claim or deem a late notice of claim timely served nunc pro tunc is left to the sound discretion of the trial court" (Matter of Ortiz v Westchester County, 208 AD3d 487, 488 [internal quotation marks omitted]; see Matter of Jaime v City of New York, 41 NY3d 531 at 540).
"In determining whether to grant leave to serve a late notice of claim against a public corporation, a court must consider all relevant circumstances, including whether: (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days [*2]after the claim arose or a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation in its defense on the merits" (Matter of Steward v City of New York, 226 AD3d 912, 913).
Here, the Supreme Court providently exercised its discretion in granting the petition pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim. The appellants acquired actual knowledge of the essential facts constituting the petitioner's claim based on an unusual occurrence report and a line-of-duty report indicating the cause of the accident and containing essential facts from which it could be readily inferred that a potentially actionable wrong had been committed (see Matter of Steward v City of New York, 226 AD3d at 914; Matter of Brown v City of New York, 218 AD3d 466, 467). Consequently, the petitioner also met his initial burden of showing that the appellants would not be prejudiced by the late notice of claim (see Matter of Steward v City of New York, 226 AD3d at 914; Matter of Brown v City of New York, 218 AD3d at 467-468). In opposition, the appellants failed to rebut the petitioner's showing with respect to prejudice (see Matter of Balbuenas v New York City Health & Hosps. Corp., 209 AD3d 642, 646; Matter of Brooks v County of Suffolk, 177 AD3d 969, 972). Under the circumstances of this case, the petitioner's failure to provide a reasonable excuse for the delay was not fatal to his claim (see Matter of Steward v City of New York, 226 AD3d at 914).
DUFFY, J.P., MILLER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court