Matter of Arvizu v New York City Tr. Auth. (2025 NY Slip Op 03323)

Matter of Arvizu v New York City Tr. Auth.

2025 NY Slip Op 03323

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-05345
 (Index No. 525833/22)

[*1]In the Matter of Jazlyn Arvizu, etc., et al., appellants, 
v
New York City Transit Authority, et al., respondents.

Zimmerman Law, P.C., Huntington Station, NY (Michael Zimmerman of counsel), for appellants.
Landman Corsi Ballaine & Ford P.C., New York, NY (Andrew P. Keaveney, Nakia Smalls, and Shoshana Mahon of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated February 15, 2023. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is granted.
On June 7, 2021, the petitioners Jazlyn Arvizu and Valerie Arvizu (hereinafter together the injured petitioners) allegedly were involved in a multivehicle collision while riding as passengers on a bus owned by the New York City Transit Authority (hereinafter the NYCTA), Manhattan and Bronx Surface Transit Operating Authority, and Metropolitan Transportation Authority, and operated by Shawn Keith Robinson (hereinafter collectively the respondents). In September 2022, the petitioners commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the respondents. In an order dated February 15, 2023, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioners appeal.
Pursuant to General Municipal Law § 50-e(5), the Supreme Court, in its discretion, may extend the time to serve a notice of claim upon a public corporation as required by General Municipal Law § 50-e(1) (see Matter of Anghel v Town of Hempstead, 223 AD3d 901, 902; Matter of Cleary v Nassau Health Care Corp., 215 AD3d 958, 959). In determining whether to grant leave, the court must consider all relevant circumstances, including whether: (1) the public corporation "acquired actual knowledge of the essential facts constituting the claim" within 90 days of when the claim arose or within a reasonable time thereafter; (2) the claimant was an infant when the claim arose; (3) the claimant demonstrated a reasonable excuse for failing to serve a timely notice of claim; and (4) "the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits" (General Municipal Law § 50-e[5]; see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 464; Matter of Cleary v Nassau Health Care [*2]Corp., 215 AD3d at 959). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the public corporation had actual knowledge of the essential facts constituting the claim is of great importance" (Matter of Tejada v City of New York, 161 AD3d 876, 877 [citation omitted]; see Santos v Westchester Med. Ctr., 216 AD3d 1121, 1122).
Here, the respondents acquired timely, actual knowledge of the essential facts constituting the petitioners' claim. Although a police report regarding an automobile accident does not, in and of itself, constitute notice of a claim to a municipality or public corporation, where the report reflects that an employee of the municipality or public corporation committed a potentially actionable wrong, such entity can be found to have actual knowledge (see Matter of McGrue v City of New York, 195 AD3d 932; Matter of McVea v County of Orange, 186 AD3d 1221, 1222; cf. Matter of Clarke v Veolia Transp. Servs., Inc., 204 AD3d 666, 667). In this case, the police report, which the petitioners sent to the NYCTA on or about July 2, 2021, indicated that the multivehicle collision was set in motion by Robinson, who caused the bus to come into contact with the rear of another vehicle. The police report also indicated that several bus passengers reported injuries and named the injured petitioners, among others. In addition, the respondents were in possession of the injured petitioners' medical records. Under these circumstances, the respondents acquired timely, actual knowledge of the essential facts constituting the petitioners' claim (see Matter of Dubuche v New York City Tr. Auth., 230 AD3d 1026, 1026-1027; Matter of Manbodh v New York City Tr. Auth., 204 AD3d 914, 915; Matter of McVea v County of Orange, 186 AD3d at 1222).
Moreover, since the respondents acquired timely, actual knowledge of the essential facts constituting the petitioners' claim, the petitioners met their initial burden of showing a lack of prejudice to the respondents' ability to maintain a defense (see Matter of Dubuche v New York City Tr. Auth., 230 AD3d at 1027; Matter of Anghel v Town of Hempstead, 223 AD3d at 903; Matter of McVea v County of Orange, 186 AD3d at 1223). In opposition, the respondents "failed to come forward with particularized evidence showing that the late notice had substantially prejudiced [their] ability to defend the claim on the merits" (Matter of Tejada v City of New York, 161 AD3d at 878; see Matter of Anghel v Town of Hempstead, 223 AD3d at 903).
Although the petitioners failed to demonstrate a nexus between the injured petitioners' infancy and their delay in serving the notice of claim and a reasonable excuse for their failure to timely serve the notice of claim, this was not fatal to the petition where, as here, there was actual knowledge and absence of prejudice (see Williams v Nassau County Med. Ctr, 6 NY3d 531, 538; M.S. v Rye Neck Union Free Sch. Dist., 212 AD3d 857, 859; Matter of Duke v Westchester Med. Ctr., 196 AD3d 482, 483-484).
Accordingly, the Supreme Court should have granted the petition for leave to serve a late notice of claim.
The parties' remaining contentions need not be reached in light of the foregoing, or are without merit.
IANNACCI, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court